UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | Claim No: 1999A20486 |
| vs. | | |
| Hassan Huessin | | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 14960 Prospect St., Dearborn, Michigan 48126.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $4,208.30 |
| B. Current Capitalized Interest Balance and Accrued Interest | $7,988.06 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$12,196.36** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Hassan Huessin
7454 Mead
Dearborn, MI 48126

SSN:

I certify that Department of Education record(s) show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from February 12, 1999

On or about 11/12/86, the borrower executed promissory note(s) to secure loan(s) of $ 3500.00 from Michigan National Bank at 8 % percent interest per annum. This loan obligation was guaranteed by Michigan Higher Education and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $ 4.80 $4.79 $9.12 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 9/22/86 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $ 995.20 $ 995.21 and $1890.88 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/15/94, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $ 0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4208.30 |
| Interest: | $2744.53 |
| Administrative/Collection Costs: | $0.00 |
| Late fees: | $0.00 |
| Total debt as of Feb 12,1999: | $6952.83 |

Interest accrues on the principal shown here at the rate of $ 0.92 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3-11-99

Name: Richard Ditewig
Title: Loan Analyst
Branch : Litigation

coifisl.11-6-97 mgn

# MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
## STUDENT LOAN

BILL NO. _____ HUSSEIN, HASSAN

Nov. 12, 1986

on or extended maturity date, as provided for herein, for value received

The undersigned promises to pay to

hereinafter called the Holder, or order

together with interest thereon, from the date hereof, hereinafter called the Maker, shall pay at the rate of 8.00 % per annum. The undersigned shall pay at the office of the Holder, 1250 W. 14 Mile Rd., Clawson, MI 48017

or at such other place as the Holder may designate, in lawful money of the United States of America.

**COMPLETE FOR MULTIPLE DISBURSEMENT ONLY**

| | | | Prepaid Finance Charge | | Amount Disbursed |
|---|---|---|---|---|---|
| | | | Insurance Premium | Origination Fee | |
| | | 1000.00 | 20.83 | 50.00 | 929.17 |
| | | 1000.00 | 19.17 | 50.00 | 930.83 |
| TOTALS | | 2000.00 | 40.00 | 100.00 | 1860.00 |

**ANNUAL INTEREST RATE**
The cost of your credit as a yearly rate.

| Prior to repayment | During repayment |
|---|---|
| 8.00 % | 8.00 % |

### ACKNOWLEDGEMENT

The Maker acknowledges having read the Note, including the above disclosure statement and the rights and responsibilities on the reverse side, and acknowledges receipt of a copy of this Note at the time of its execution...

[body text of promissory note terms, largely obscured]

**Late Charge:** If the Holder presents the Note... 5% of the installment payment or $5.00, whichever is less...

**Acceleration:** The Maker agrees (1) if the Maker's course of study is less than half-time status or, (2) transfers to a school not participating...

**Extension:** The Maker further agrees...

**Deferment:** Once the maturity date has...

**Maker:** The Maker promises to (1) maintain attendance at the participating school...

CO-SIGNER SIGNATURE: _____
TYPED NAME: ALI M. HUSSEIN
ADDRESS: 7454 MEAD
CITY: DEARBORN   STATE: MI   ZIP: 48126
SOCIAL SECURITY NO: _____

MAKER SIGNATURE: _____
TYPED NAME: HASSAN A HUSSEIN
ADDRESS: 7454 MEAD
CITY: DEARBORN   STATE: MI   ZIP: 48126
SOCIAL SECURITY NO: _____

### NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees ___ percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default... regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation is transferred to the Michigan Higher Education Assistance Authority.

Subscribed and sworn by MAKER
County of: WAYNE
Notary Signature: _____
Address: _____
Stamp & Seal:

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
DARLENE FEUCHT
Wayne County, Michigan
Commission Expires May 1, 1989
Authorized Officer: Patrick Cummings



I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
NAME _____
DATE 4/26/__



# MICHIGAN DEPARTMENT OF EDUCATION
## APPLICATION FOR A GUARANTEED STUDENT LOAN

**RECEIVED JUN 30 1987**

No Student ID

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097.

**SECTION I — TO BE COMPLETED BY THE STUDENT**

- 2. Last Name: HUSSEIN  First: HASSAN  MI: A
- 3. Birth Date: Mo. 02 Day 10 Year 64
- Permanent Home Address: 4 MEAD, DEARBORN, MI 48126
- 7. Total Number of Borrower's Dependents: 0
- 8. State of Permanent Residence: Since 07/76
- 10. Major Course of Study: 02
- 9. Full-time
- 13. Have you ever defaulted on an educational loan? No
- 14. School Name: EASTERN MICHIGAN U — EMU
- With Parents
- **RECEIVED AUG 07 1987**

Name of Lender: NONE  City and State of Lender: NONE  From: NONE

- Father/Guardian: ALI HUSSEIN, 7454 MEAD, DEARBORN MI 48126, Wayne County
- Relative or Separated Parent: ALP MACKI, 4 MOROSS?, Dearborn MI
- Relative Not Living With You: MIKE EL-SAYED, 1801 SALINA, DEARBORN MI 48?, Employer: FORD

- Driver's License Number: 029 804 8108 MI
- 18. Requested Loan Amount: $3500
- 19. Period: From Mo. 9 Yr. 87 To Mo. 6 Yr. 88
- 20. Lending Institution: Michigan National Bank, 1250 14 Mile Rd., Clawson, MI 48017

## Promissory Note for a Guaranteed Student Loan

To Pay: Three Thousand Five hundred DOLLARS ($3500.00)

Signature: [signed] 6-24-87

**SECTION II — TO BE COMPLETED BY SCHOOL**

- School: EASTERN MICHIGAN
- 24. Street No.: 203 PIERCE HALL, Ypsilanti, MI 48197
- 26. School Code: 002259
- 27. Grade Level Undergraduate: 3
- 28. Expected Completion Date: 04/90
- 29. Loan Period: From 9/87 To 6/1/88
- 30. Estimated cost of education: $4250
- 31. Financial aid: $1150
- 32. Expected Family Contribution: $1200.00
- 33. Cost Minus Aid Minus EFC: $1900.00
- 35. Dependency Status: Dependent
- 36. Semester
- 37. First day of class: 1st 09/07/87  2nd /  /88

P.W. FOWLER, ASST. DIRECTOR

**SECTION III — TO BE COMPLETED BY THE LENDING INSTITUTION**

- Lending Institution: Michigan National Bank
- 41. City: 1250 14 Mile Rd., Clawson
- 42. Federal Code: 824289
- Amount Recommended: $900
- 45. Title: Clerk
- 46. Date: 10-6-87

COPY A — LENDER

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**I. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended this loan will not be eligible for a grace period. My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by MHEAA, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During my grace period I may request that the grace period be shortened and the repayment period begin earlier.

**II. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans and obtain a loan for a period of enrollment beginning on or before June 30, 1988, my interest rate on this loan will be 8%. If I have no outstanding Guaranteed Student Loans and obtain a loan for any period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% per year on the unpaid principal balance from the date of disbursement until four years after the date repayment must commence according to program regulations and then will increase to 10% on the unpaid principal balance during the remainder of the repayment period. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable annual interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added, in accordance with regulations governing the Guaranteed Student Loan Program, to the principal balance which is due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay that interest that accrues during any period described under Deferment, Paragraph VIII. In this note, any communication will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of.

**IV. Origination and Guarantee Fees** I will pay you the origination fee as authorized by federal law and identified to me on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you or has not been cashed within 120 days of disbursement, or all of the loan money is returned to you within 120 days of disbursement, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee in an amount identified on the Notice of Loan Guarantee and Disclosure Statement. You will forward to MHEAA to pay for its guarantee of this Note. The guarantee fee covers a period from the date of disbursement of this loan from the disbursement date until the expiration of any grace period following my graduation or course completion date indicated by the School in Section II of my application for this loan. If any loan check is returned uncashed to you or has not been cashed within 120 days of disbursement, or all of the loan money is returned to you within 120 days of disbursement, I will be entitled to a refund of any guarantee fee paid in respect to this disbursement. The origination and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure any default) if: 1) any payment has not reached you after it is due as specified on the Notice of Loan Guarantee and Disclosure Statement within the number of days as specified in Federal Guaranteed Student Loan Program regulations; or 2) I fail to notify you of a change in my name, address or school enrollment status; or 3) make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided under Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me a late charge at the maximum rate permitted. If a payment is late, I may be charged six cents for each dollar of each late installment.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my education expenses at the school to be named in Section II of my Application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing and agreed to by MHEAA. 4) If MHEAA is required under its guarantee to repay my loan(s) because I have defaulted, MHEAA will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payment I may be eligible for forbearance as provided for in the MHEAA regulations of the lender on the repayment of my loan(s). 7) If I die or become permanently and the unpaid balance of this Note will be paid in full to you or any other owner. MHEAA. 8) If I default on this Note by reason of delinquency and you incur an expenses in connection with collecting on my debt, you will add all reasonable expenses to my loan debt. 9) In this Note the words I, me, and my mean the borrower 2 of Section I of the Application. You, your, and yours mean the lender and any other Note.

**VIII. Deferment** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided repayment period has begun and I provide you with written evidence that I qualify for: 1) While I am enrolled as a at a participating school in full time study, as determined however if I obtain a deferment to attend a school not located in the United States citizen or national of the United States, or b) in a graduate fellowship program Secretary of Education; or c) in a rehabilitation training program for disabled individuals the Secretary of Education; or d) as a full-time student at an institution of higher vocational school which is operated by an agency of the United States Government. Not exceeding 3 years for each of the following while I am, a) on active duty in the Armed United States or serving as an officer in the Commissioned Corps of the United States Service; or b) serving as a Peace Corps volunteer; or c) serving as a full time volunteer of the Domestic Volunteer Service Act of 1973 (e.g., VISTA and providing service volunteer for an organization exempt from Federal income tax under Section 501 of the Revenue Code of 1954, which the Secretary of Education has determined is comparable performed in the Peace Corps or ACTION programs; e) temporarily totally disabled, affidavit of a qualified physician; or f) unable to work because I am providing care spouse who is temporarily totally disabled as established by affidavit of a qualified a period not exceeding 2 years while I am serving an internship that the Secretary determined is needed to gain professional recognition required to begin professional service. 4) For a period not exceeding 24 months while I am conscientiously seeking find full-time employment in the United States

If I have no outstanding Guaranteed Student Loans and obtain a loan for any period beginning on or after July 1, 1987, you will also let me defer making principal Note if my repayment period has begun and I provide you with written notice that deferment: 5) While I am a) on active duty as a member of the National Oceanic Administration Corps for a period not to exceed three years; or b) enrolled half time for which I am also receiving a Guaranteed Student Loan; or c) teaching in a teacher shortage area, or d) qualify for a parental leave, not in excess of six months who are school age children and who is just entering the workforce and are not exceeding $1.00 over the federal minimum wage such deferment not applicable, or f) unable to work because, as a single parent borrower, I am providing care temporarily totally disabled for a period of not less than established by affidavit of a qualified physician, such deferment not to exceed three

**IX. Repayment** I will repay the total amount due on the Promissory Note in installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid first day following the expiration of the grace period until the loan is paid in full whole loan is due as described in Default, Paragraph V; or 2) this Promissory Note because of Item 2 of Date Note Comes Due, Paragraph II. Before the end of the will send me a Repayment Schedule which shows the particular repayment terms part of this Promissory Note. The Repayment Schedule may include all loans I have under MHEAA's Guaranteed Student Loan Program.

The Repayment Schedule will require me to make monthly payments for a period 10 years and not less than 5 years unless the minimum $50 monthly payment req regulations will repay the loan principal and interest in less than 5 years. At request and be granted a repayment period that is shorter but 5 years; at a later the repayment period extended so that the total repayment period is not less than condition in the preceding sentence applies. Any period of authorized deferment or not count as part of the 5-10 year repayment period.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part or accrued interest of this loan at any time.

**XI. Credit Bureau Notification** My lender will report this loan to a credit bureau will be later notified when I have paid this loan in full. Or if I do not required, either you or MHEAA will report this failure to repay to the credit bureau report may significantly affect my credit rating.

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, MHEAA, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in the Notice of Loan Guarantee and Disclosure Statement. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a

repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant or default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Student Loan or a PLUS loan, or ALAS loan or SLS loan. I further authorize my lender issue a check covering the proceeds of my loan, in full, or in part, made payable lender's option, jointly payable to me and the school. I understand that the loan to the school named in Section II. I have read and understand the "Statement of and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement my loan amount as determined by the lender and program regulations, the fee and grace period. I understand and agree that if the information on the Notice and Disclosure Statement conflicts with the information on the Application and Promissory information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

EFFECT OF STUDENT LOANS ON OTHER FINANCIAL AID: I should investigate the availability of other forms of financial aid with the school's financial aid administrator. It may be to my benefit to determine my eligibility for grant, work-study, and other sources of assistance *before* applying for a student loan. I understand that receipt of a Guaranteed Student Loan may eliminate or reduce any awards that I may receive from other programs.

1. My yearly and cumulative maximum loan amounts are:

| Category of Borrower | Annual Loan Limit | Aggregate Loan Limit |
|---|---|---|
| Undergraduate & Vocational | $2,500 | $12,500 |
| Graduate or Professional | $5,000 | $25,000 (includes undergraduate loans) |

THESE MAXIMUMS APPLY TO THE *ENTIRE* GUARANTEED STUDENT LOAN PROGRAM. BORROWERS RECEIVING LOANS FROM MORE THAN ONE LENDER SHOULD MAKE SURE THAT EACH LENDER IS AWARE OF ALL OTHER GUARANTEED STUDENT LOANS.

I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

  A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
  B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSLP or PLUS Program (20 U.S.C. 1078-2) loans outstanding, we, — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my — or our — GSLP and PLUS loans.
  C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10 and 15 year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as the repayment schedule, that the lender will provide to me before the repayment period begins.

CONSOLIDATION: Consolidation or refinancing options may be available for GSLP and other educational loan programs. For further information, contact the guarantee agency named on this form.

DEFERMENT: Payment of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the Unites States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the federal government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Services;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
   D. Serving as a full-time volunteer for an organization exempt from federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs; or
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required to a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

REPAYMENT BY DEPARTMENT OF DEFENSE: Under certain circumstances, military personnel may have their loans repaid by the Secretary of of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note). Questions concerning the program should be addressed to the local Service recruiter.

DEFAULT: If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the guarantee agency regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**CREDIT BUREAU NOTIFICATION: If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating.**

The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau.

ADDITIONAL AGREEMENTS: I agree that:
(1) The proceeds of this loan will be used only for my educational expenses at the school listed in my application. The Co-maker(s), if any, will not receive any of the loan proceeds.
(2) I will notify the lender in writing of any change in my name, address, or school enrollment status as soon as it occurs.
(3) The lender may send any notice by first class mail to the latest address the lender may have for me. Unless required by law, the lender need not give a separate notice to the Co-maker(s), (if any).
(4) If the guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the guarantor will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me.